UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ALVIN GRAY,                                )
                                           )
            Plaintiff,                     )
                                           )
    vs.                                    )    No. 1:05-cv-293-RLY-WTL
                                           )
MARION COUNTY SUPERIOR COURT,              )
                                           )
            Defendant.                     )

**Entry Dismissing Action as Moot and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the court finds the plaintiff's claim to be moot and therefore properly dismissed at this point.

**I.**

This civil rights action brought by an Indiana prisoner proceeded based on the unlikely, but possible, recurrence of a situation encountered in *Lynk v. Superior Court of LaPorte County*, 789 F.2d 554 (7th Cir. 1986), that the defendant state court has ignored, and thereby thwarted, his efforts to pursue a paternity action, which under state law he was entitled to file.

The course of proceedings, and in particular the pretrial conference of June 7, 2006, has shed additional light on the plaintiff's claim. As a result of these matters, the court issued the following directions to the plaintiff in its Entry of June 19, 2006.

> Because the parties' recent filings make clear that there is in fact an action pending in Marion County to establish the plaintiff's paternity of Adante Swanigan and Trek Swanigan, and that the court in which that action is pending has issued instructions to the plaintiff as to how to proceed, the sole basis on which this action has proceeded appears to have been misstated or misunderstood. Accordingly, the plaintiff shall have **through July 10, 2006,** in which to **show cause** why the claim against the Marion County Superior Court should not be dismissed as moot.

The plaintiff has responded to the foregoing. The defendant has likewise joined in with a motion to dismiss, to which the plaintiff has responded. The details of the pending action in the defendant court are recited in the *Entry for Conference of June 7, 2006,* and are established for the purpose of this action.[1]

## II.

Article III of the United States Constitution limits the jurisdiction of the federal courts to "actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317 (1988). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time a complaint is filed." *Arizonans for Official English,* 117 S. Ct. 1055, 1068 (1997)(citation and internal quotation omitted). Thus, a federal court has no "power to render advisory opinions [or] . . . decide questions that cannot affect the rights of litigants in the case before them." *Honig,* 484 U.S. at 317; *see also Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted).

In both legal and practical terms, the plaintiff has discovered that the doors of the state court in which his paternity action was filed remain open to him. He has been informed of the reason for the delay in it proceeding on the schedule he anticipated. It has been revealed that it was the plaintiff who failed to take the steps necessary for that action to proceed. The action in the defendant court was not dismissed. This court cannot serve as an alternate forum for the paternity action, which the plaintiff may now renew his efforts to bring to a successful conclusion. There is no relief which this court could now award the plaintiff to which he does not already have access in the state court. That is his right, and no intervention or mandate from this court is needed for him to exercise it.

The foregoing shows that this action is moot. *Powell v. McCormack,* 395 U.S. 486, 496 1951 (1969)(a case or controversy, once initiated, becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). A court lacks jurisdiction over a claim which is moot, *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). An action over which the court lacks jurisdiction must be dismissed. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998). The defendant's motion to dismiss is **granted.** Judgment dismissing this action for lack of jurisdiction shall now issue.

**IT IS SO ORDERED.**

Date: 11/2/06

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] Pretrial orders supersede the pleadings. *See Wilson v. Kelkhoff,* 86 F.3d 1438, 1442 (7th Cir. 1996); *Erff v. MarkHon Industries, Inc.,* 781 F.2d 613, 617 (7th Cir. 1986)("[T]he parties rely on the pre-trial conference to inform them precisely what is in controversy.")(citation omitted); *Trujillo v. Uniroyal Corp.,* 608 F.2d 815, 817 (10th Cir. 1979)("A proper pretrial order . . . represents a complete statement of all the contentions of the parties.")(quotation omitted). "[I]ssues not preserved in the pretrial order . . . [are] eliminated from the action." *Hullman v. Board of Trustees of Pratt Community College,* 950 F.2d 665, 668 (10th Cir. 1991)(quotation omitted).